[No. B163411. Second Dist., Div. Eight. Oct. 29, 2003.]

THE PEOPLE, Plaintiff and Appellant, v.
GAIL MEDINA PUNZALAN, Defendant and Respondent.

## COUNSEL

Dennis A. Barlow, City Attorney, and Carol Ann Humiston, Assistant City Attorney, for Plaintiff and Appellant.

Mitchell W. Egers for Defendant and Respondent.

## OPINION

**RUBIN, J.**—The City of Burbank and its police department (Burbank) appeal from the trial court's order sealing the arrest record of Gail Medina Punzalan. Because Burbank lacks standing, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

The Burbank Police Department arrested Gail Medina Punzalan for stealing and using someone else's credit card. After a preliminary hearing, Punzalan was bound over for trial, and the People filed an information charging him with those crimes. Upon further investigation of the charges, however, the People moved for dismissal because Punzalan did not resemble pictures of the suspected thief, and the People's own expert concluded the signatures on the stolen credit card slips were not his.

Following dismissal of all charges, Punzalan petitioned the court for an order to seal and destroy his arrest record because he was factually innocent. (Pen. Code, § 851.8.)[1] The district attorney did not oppose the petition, saying his "reasons for the dismissal speak for themselves." Burbank, on the

---

[1] All further undesignated section references are to the Penal Code.

other hand, opposed the petition. Despite Burbank's protest, the court granted Punzalan's petition.[2] Burbank appeals from that order.

## DISCUSSION

■ The right to appeal is not a free-floating privilege that anyone may grab. One must ordinarily be a party to the appealed judgment or order. (*Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1342 [100 Cal.Rptr.2d 446].) In criminal matters, the parties are the defendant and the People of California. The arresting law enforcement agency is not a party. As the Penal Code states, "A criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense." (§ 684.) In this case, the People, not Burbank, were empowered to prosecute Punzalan. The People, not Burbank, chose to dismiss the charges against him. And the People, not Burbank, decided not to oppose Punzalan's petition. Yet, Burbank, and not the People, appeals from the court's order granting that petition. But, section 851.8, which governs the sealing of arrest records based on factual innocence, gave Burbank no standing as to Punzalan's petition. Burbank is therefore out of place.

■ The different roles section 851.8 accords the arresting agency before, and after, the People file an accusatory pleading illustrate Burbank's voice-lessness. Subdivision (a) of the statute covers petitions before the prosecution files an accusatory pleading. A factually innocent defendant who seeks the sealing of his arrest record under those circumstances must serve his petition on the district attorney and the arresting agency. If the arresting agency and district attorney agree, the petition is granted; if they disagree, the defendant may file a petition in superior court. (section 851.8 subd. (b).) From that point on, the defendant need only deal with the district attorney. For example, only the district attorney must be served with a copy of the petition, and only the district attorney presents evidence in opposition at the hearing on the petition. (section 851.8 subd. (b).)

■ Tellingly, the statute removes the arresting agency from the picture even more quickly when a case is dismissed *after* the prosecution files an accusatory pleading. Once the accusatory pleading is filed, the factually innocent defendant need not even petition the arresting agency and district attorney with a request to seal the arrest record. (§ 851.8, subd.(c).) Instead, the defendant files his petition directly with the superior court and serves a copy on the district attorney, who may present evidence at the hearing on the

---

[2] Whether out of an abundance of caution, or a possible misreading of the statute, the court took under submission Burbank's written opposition to the petition. As we explain further below under "Discussion," Burbank was not entitled to file an opposition. (See § 851.8, subd. (c).)

petition. (*Ibid.*) The statute gives no role to the arresting agency.[3] Counsel for Burbank was wrong when she said in oral argument that the statute requires a defendant to give written notice to the local agency when the defendant files an 851.8 petition after an accusatory pleading is filed.

Even though the statute gave Burbank no place in the hearing on appellant's petition, Burbank contends it has standing to appeal the order because the court's order makes it an aggrieved party. Burbank's contention is unavailing. *Life v. County of Los Angeles* (1990) 218 Cal.App.3d 1287 [267 Cal.Rptr. 557], which Burbank cites, states: "One is considered aggrieved whose rights or interests are injuriously affected by the judgment. An appellant's interest ' "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' [Citations.]" (*Id.* at p. 1292.) Burbank claims it has a substantial governmental interest in all arrest records, including those that do not result in a conviction. In support, it cites *Loder v. Municipal Court* (1976) 17 Cal.3d 859 [132 Cal.Rptr. 464, 553 P.2d 624]. That decision stated, "Taken together, the multiple purposes for which police, prosecutors, courts, and probation and parole authorities may consult records of arrests not resulting in conviction . . . constitute a substantial governmental interest. [Citation.]" (*Id.* at p. 868.)

*Loder* predates enactment of section 851.8, however, and did not involve a factual finding of innocence. Thus, the decision did not analyze the governmental interest, if any, in arrest records involving factual innocence.[4] Assuming such an interest exists, section 851.8, entrusts the district attorney, acting for the People of the State of California, to safeguard it when responding to a petition to seal records. The statute does not cast the city of Burbank in a junior supporting role, let alone a starring role, entitled to upstage the district attorney. (See *Bratcher v. Buckner* (2001) 90 Cal.App.4th 1177, 1184 [109 Cal.Rptr.2d 534] ["a party may not take an appeal based upon an error that injuriously affects only a nonappealing third party"].)

At oral argument, Burbank raised for the first time the distinction between arrest records and investigative police reports. According to counsel for Burbank, the court's order obligated the Burbank police department to

---

[3] Subdivision (d) is also instructive. The trial court may "with the concurrence of the district attorney" determine the defendant to be factually innocent at the time it dismisses the accusatory pleading. Section 891.8, subdivision (d) confers no role on the arresting agency in this situation.

[4] The statute's legislative history reveals prosecutorial agencies disagreed about the governmental interest in arrest records of the factually innocent. Attorney General George Deukmejian's office opined that such records could be put to legitimate use—although it did not say how so. On the other hand, the California District Attorneys Association concluded that preserving arrest records of factually innocent people did not involve the compelling public interest identified in *Loder*; to the contrary, the association stated a "compelling state interest" was served by sealing the arrest records of innocent people.

destroy all of its files involving its investigation of the credit card theft. Neither the court's order nor section 851.8 imposed any such requirement. Echoing the statutory language, the order stated: "It is hereby ordered that the law enforcement agency having jurisdiction over the offense, the Department of Justice and any law enforcement agency which arrested [Punzalan] or participated in the arrest shall seal their records of the arrest, and shall three years from the date of the arrest destroy their records of the arrest and the court order to seal and destroy such records." (See section 851.8 subds. (b) & (c).) ▮ Consistent with the order, subdivision (h) of the statute requires only that the Burbank police department enter the notation "Exonerated" whenever its "investigative police reports" refer to Punzalan; it does not require the department to destroy those files. Thus, Burbank's distress at losing its investigative records is unfounded.[5]

One last matter requires resolution. Burbank did not file a reply brief, and thus initially ignored Punzalan's standing argument. Because of the public significance of the question of standing under section 851.8, we asked Burbank to file a supplemental letter brief discussing standing so that we could have the benefit of its views. We did not invite Burbank to raise new issues. Nonetheless, Burbank requested for the first time in its supplemental letter brief that we grant it relief by a writ of mandate. Burbank's letter was not the place—particularly for Burbank as the appellant—to try to reframe the issues on appeal. (*San Mateo County Coastal Landowners' Assn. v. County of San Mateo* (1995) 38 Cal.App.4th 523, 559 [45 Cal.Rptr.2d 117], fn. 28.) Accordingly, we pass on Burbank's request for a writ without discussion.[6]

## DISPOSITION

The appeal is dismissed. Respondent Gail Medina Punzalan to recover his costs on appeal.

Cooper, P. J., and Boland, J., concurred.

---

[5] As the trial court's order covered only Punzalan's arrest record, and not the police department's files investigating the credit card theft, we need not decide an arresting agency's standing to challenge an order that it destroy its investigative files.

[6] We observe that Burbank's letter brief does not purport to establish how, if it does not have standing to appeal, it has standing to pursue an extraordinary writ.